UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**NICHOLAS EARL REZNY,
ACRDGROUP LLC, AMERICAN
COMMUNITY REDEVELOPMENT
GROUP LLC**

    **Plaintiffs,**

    v.                                             **Case No. 22-CV-1285-SCD**

**WISCONSIN DEPARTMENT OF
FINANCIAL INSTITUTIONS ET AL**

    **Defendants.**

---

### REPORT AND RECOMMENDATION

---

On October 31, 2022, Nicholas Earl Rezny, in conjunction with several limited liability corporations owned solely by him,[1] filed an 85-page *pro se* complaint against over 120 defendants, including the Wisconsin Department of Financial Institutions (DFI), the Milwaukee City Attorney's Office, the Wisconsin Department of Justice, a Wisconsin Court of Appeals, Kenosha County, and a number of government entities, law firms, and individuals working for these entities. *See* ECF No. 1. He alleges that these parties engaged in a massive corruption scheme to destroy his business, thereby ruining him personally and financially. He seeks three remedies, none of which a district court is authorized to grant in a civil lawsuit:

---

[1] American Community Redevelopment Group LLC's state registration has been delinquent since July 1, 2022. *See* https://www.wdfi.org/apps/CorpSearch/Details.aspx?entityID=A076794&hash=677286901&searchFunctionID=b47b93cc-bab1-4f6d-83c9-b01aca343aaf&type=Advanced&nameSet=RegAgents&q=nicholas+rezny&textSearchType=AllWords&incDateStart=&incDateEnd=&includeActiveOrgs=In; In addition, ACRDGroup LLC filed for Chapter 11 bankruptcy the day after this suit was filed. *See* https://bkdata.com/business-bankruptcies/milwaukee-wisconsin/10-31-2022/acrdgroup-llc-24848

(1) directing a Milwaukee newspaper to retract previous statements that he was "banned from selling securities in Wisconsin"; (2) the arrest of "every single person involved in this" (including the governor, the former mayor, and several state Court of Appeals judges), because they "either directly contributed, aided, abetted, or profited either personally or professionally from this mess" and (3) some unspecified relief related to his bankruptcy petition. ECF No. 1 at 84. The matter was assigned to me, and Rezny consented to magistrate jurisdiction the following day. *See* ECF No. 2. Because Rezny's complaint is frivolous, I will recommend that it be dismissed.

Rezny has not moved to proceed *in forma pauperis*, but the complaint may be screened nevertheless. Under 28 U.S.C § 1915(e)(2)(B)(i), federal courts "have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). "But when the plaintiff is not proceeding in forma pauperis, *only* frivolousness can justify the sua sponte dismissal without giving notice and the opportunity to respond." *Weinschenk v. CIA*, 818 Fed. Appx. 557, 558 (7th Cir. 2020). "[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.' As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

As a general matter, the complaint is rife with run-on sentences and allegations of mafioso government agents all but cracking their knuckles and chasing down-on-their-luck small business owners out of town while the courts of law look the other way and count their

bribe money. Rezny considers himself to be one of these down-on-his-luck business owners, whom "this criminal gang" accused of conducting Ponzi schemes (in which he admittedly pays off one loan used to buy and renovate a home with a second loan) that he asserts are legitimate businesses. *Id*. at 20-21.

Rezny alleges that after he moved into former Milwaukee Mayor Tom Barrett's neighborhood, his neighbors plotted against him and eventually chased him out of his home because he had rented out another home in the neighborhood to a mixed-race family. *Id*. at 25-25. At his next home, the neighbors were not content with chasing him out of the home, but allegedly attempted to kill Rezny and his wife by installing a faulty electrical system that resulted in EMF radiation that poisoned Rezny and his wife, resulting in severe physical and cognitive damage. *Id*. 26-28.

Rezny asserts that his opponents were not satisfied with harming him personally; they also had to harm his business as a landlord. Rezny claims that the Milwaukee Department of Neighborhood Services conspired against him by rejecting building permits, imposing fines, and directing his tenants to withhold rent. *Id*. at 30. Not only this, but the Legal Aid Society lawyers purportedly coached witnesses "to lie under oath in eviction court," and sent in an undercover operative to "bring in roaches . . . and then . . . file a civil suit against [Rezny] for the roaches they brought." *Id*. Rezny assures the court that he "ha[s] proof of every single part of this." *Id*.

The timeline for these allegations is not entirely clear, but Rezny himself admits that the damage to his home, person, and business all occurred while he was under investigation by the DFI for securities fraud. *Id*. at 34. During this time, he was also sued by business

partners for financial damage incurred as part of his securities fraud, resulting in a nearly $900,000 judgment against Rezny.

Rezny also claims that the DFI and City of Milwaukee Attorney's Office conspired with the Milwaukee Journal Sentinel to publish numerous unflattering articles about Rezny and the securities fraud allegations against him. *Id*. at 54-56. The Milwaukee Journal Sentinel published an article with statements from the city attorney that Rezny was "banned from selling securities in Wisconsin" for his involvement in "interstate securities fraud . . . akin to a mortgage Ponzi scheme." *Id*. at 64. Following this article, Rezny suffered several losses: separation from his allegedly abusive wife, the collapse of his businesses, his lawyers distancing themselves from him, a court's decision to not permit his requested name change, several lawsuits filed against him – all because of "how far the 'Milwaukee Political Machine' will go to prevent more black human beings from coming into Tom Barrett's neighborhood." *Id*. at 67-69.

This complaint checks each box for fanciful, fantastic, and delusional. The complainant paints a fanciful image in which Rezny heroically stands up for what is right, despite the resistance of a corrupt political machine—a machine that includes not just politicians and bureaucrats but newspaper reporters, neighbors, former friends, investment advisers, four former state attorneys general, more than a dozen judges, and private lawyers. The genesis of this massive, broad-ranging conspiracy appears simply to be a shared antipathy to Remzy's renting to black individuals in the neighborhood of former mayor Tom Barrett. This complaint has not stated a credible cause of action, and as such, I recommend its dismissal.

Because not all parties have had the opportunity to consent to magistrate-judge jurisdiction, I cannot "resolve the case finally." *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017). Accordingly, the clerk of court is directed to randomly assign this case to a district judge for consideration of the following recommendations: (1) that this action be dismissed according to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous; and (2) that judgment be entered accordingly.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the court in writing.

**SO ORDERED** this 9th day of November, 2022

_____
STEPHEN C. DRIES
United States Magistrate Judge